# THOMPSON *v.* THOMPSON.*

### HUSBAND AND WIFE; TORTS; APPEALS; COSTS.

1. While under D. C. Code, sec. 1151 (31 Stat. at L. 1373, chap. 854), a married woman may contract with her husband during marriage (citing *Bronson v. Brady,* 28 App. D. C. 250), an action by her against her husband for a personal tort committed by him during coverture will not lie. (Construing D. C. Code, sec. 1155 [31 Stat. at L. 1374, chap. 854], permitting married women to sue separately "for torts committed against them, as fully and freely as if they were unmarried.")

2. Where the court, on an appeal by a wife, held that an action by her against her husband for a tort would not lie because they were one at law, and affirmed the judgment against her, no costs were awarded.

No. 1875. Submitted April 18, 1908. Decided June 9, 1908.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia entered after the overruling of a demurrer to a plea to a declaration, in an action

---

*Husband and Wife—Actions.*—The authorities as to the right of wife to sue husband for personal tort are reviewed in a case note to *Strom* v. *Strom,* 6 L.R.A.(N.S.) 191.

for assault and battery, the plaintiff having elected to stand on her demurrer.                                                ₁ *Affirmed.*

The facts are stated in the opinion.

*Mr. Wm. M. Lewin* for the appellant.

*Mr. A. E. Leckie, Mr. Creed M. Fulton,* and *Mr. Joseph W. Cox* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an action for damages for assault and battery, and is brought by a wife, Jessie E. Thompson, against her husband, Charles N. Thompson. The declaration is in seven counts, and avers as many separate assaults. The defendant pleaded the marriage relation; the plaintiff demurred; the demurrer was overruled; and judgment was thereupon entered for the defendant.

The sole question involved is whether a wife may sue her husband for a personal tort committed during coverture. Owing to her disabilities under the common law, the plaintiff is compelled to rely upon sec. 1155 of the Code of the District of Columbia [31 Stat. at L. 1374, chap. 854]. That section is entitled, "Power of Wife to Trade and to Sue and be Sued," and permits married women to engage in any business and to make contracts whether engaged in business or not, and to sue separately upon their contracts, and also to sue separately for the recovery, security, or protection of their property, "and for torts committed against them, as fully and freely as if they were unmarried." The section also permits suits against married women upon their contracts, whether made before or during marriage, "and for wrongs, independent of contract, committed by them before or during marriage, as fully as if they were unmarried." It is further provided that a husband shall not be liable for any tort committed separately by his wife, out of his presence, without his participation or sanction.

In *Bronson* v. *Brady,* 28 App. D. C. 250, we held that under the provisions of the Code a married woman might contract with her husband. The question here raised was not involved, and there is nothing in the opinion in that case which tends to elucidate it. It is true, as there stated, that a great change has taken place in the status of married women, and that they have been emancipated from much of the harshness of the common law. It is also true that an examination of the statutory enactments of the different States in favor of married women will disclose that the object and purpose of such legislation has been to further and promote the property rights and interests of married women, but not to interfere with or undermine the conjugal relations. No statute has been pointed out to us, and we have found none, expressly conferring upon a wife authority to bring a suit against her husband for a personal tort. Only one decision, and that was reversed on appeal, has been brought to our attention, which authorized such a suit.

In *Freethy* v. *Freethy,* 42 Barb. (N. Y.) 641, it was held that the language of sec. 3 of the statute of 1862 of that State, which provided that "any married woman may bring and maintain an action in her own name, for damages, against any person, or body corporate, for any injury to her person or character, the same as if she were sole," did not give a wife the right to maintain an action against her husband for slander. The court said: "When the legislature intends to make such a striking innovation of the rules of the common law, and so much opposed to public policy and the peace and happiness of the conjugal relation, as would be the case if husband and wife were permitted to sue each other for alleged wrongs to character, it should use such language as will make it clearly manifest, and not leave it to the construction of the courts."

In *Longendyke* v. *Longendyke,* 44 Barb. 366, it was held that the above statute did not authorize a married woman to maintain against her husband an action for assault and battery. The court said: "The right to sue her husband in an action of assault and battery may perhaps be covered under the literal lan-

guage of this section, but I think such was not the meaning and intent of the legislature."

In *Schultz* v. *Schultz,* 63 How. Pr. 181, it was held by a divided court that the statute above referred to authorized an action by a wife against her husband for assault and battery. This case, however, was reversed by the court of appeal, 89 N. Y. 644.

In *Abbott* v. *Abbott,* 67 Me. 304, 24 Am. Rep. 27, the question was before the court whether a wife, after being divorced from her husband, could maintain an action against him for an assault committed by him during coverture; and it was held that she could not, notwithstanding a statute similar to ours. The court said: "It would be a poor policy for the law to grant the remedy asked for in this case.  *  *  *  If an assault was actionable, then would slander and libel and other torts be. *  *  *  The private matters of the whole period of married existence might be exposed by suits." See also *Main* v. *Main,* 46 Ill. App. 106.

When the District Code was enacted, it was known to Congress that similar statutes had been held by various courts of last resort not to give married women the right to sue their husbands for personal torts committed during coverture. It was also well known that to confer such a right would be radically to depart from the rule of the common law. It is therefore reasonable to believe that, had Congress intended such a result, it would have employed language so clear and comprehensive as to leave no room for doubt or conjecture. If we hold that such an action may be brought by a wife against her husband, we must also hold that he may maintain a similar action against her; for the statute says that she may be sued for wrongs, independent of contract, committed during marriage, as if unmarried. In our desire to accord to woman every right to which she is entitled, let us not undermine the basis of society by disregarding the sanctity of the home. Let us not furnish grist for the divorce courts. Litigation of this character between husband and wife is vicious in principle and contrary to sound public policy, and we believe not authorized by the Code.

D. C.]                          Syllabus.

Our conclusion is necessarily based upon the proposition that the parties to this action are one in law. We therefore award no costs. *Abbe* v. *Abbe,* 22 App. Div. 483, 48 N. Y. Supp. 25.

The judgment will be affirmed, and it is so ordered.

*Affirmed.*