## Williams' Administratrix v. Church Home for Females and Infirmary for Sick.

(Decided February 28, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Charities.—A charitable institution, not conducted for profit, but organized solely for purpose of treatment and care of poor and sick, and devoting income, whether from donations or from pay patients, exclusively to maintenance of institution, is exempt from liability for torts of its agents or employees.

2. Charities.—Charitable institution being exempt from liability for its agents' or employees' torts, insurer was not liable on policy of indemnity against loss by payment of claim for death from injuries received on elevator in home maintained by such insti-

tution, which, therefore, was not protected by such policy, so as to render trust fund doctrine inapplicable.

3. Charities.—Mere procurement of indemnity insurance by charitable institution is insufficient to make it liable for torts of its agents or employees on ground that no diversion of trust fund would result, as law will not permit trustee to deplete fund by using it in paying damages caused by act of those administering trust.

W. W. DOWNING for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

In this action by the administratrix of Elvira Thompkins Williams against the Church Home for Females and Infirmary for the Sick, a charitable corporation, to recover damages for her death, a demurrer was sustained to the amended and substituted petition, and the petition was dismissed. Plaintiff appeals.

It appears from the amended and substituted petition that the Church Home for Females and Infirmary for the Sick is a corporation organized and conducted solely for charitable purposes, and that at the time of the accident plaintiff's intestate resided in the home and paid board, which was applied to the upkeep of the institution. After pleading that, while the intestate was entering an elevator in the home, the elevator was started through the gross negligence of the operator, who was an employee of the home, and that by reason thereof intestate received the injuries from which she died, the amended and substituted petition concludes as follows:

"Plaintiff says that, at the time and place herein referred to, the defendant home carried on the elevator herein referred to on which plaintiff's intestate received injuries as a result of which she died, a certain policy of liability insurance to the extent of $5,000 in a good solvent liability insurance company, and by the terms of that policy, the defendant home was and is protected against loss by virtue of any death claims filed against said home by any person receiving injuries on said elevator as a result of which death occurs. Plaintiff says that by reason thereof the said home is protected against loss to the extent of $5,000, and the funds

in its hands will not be diminished by virtue of any recovery by this plaintiff against this defendant growing out of this accident. Plaintiff says that, by virtue of said policy of insurance and protection herein above set out, the funds of the defendant home will not and cannot be diminished or diverted by the casualty herein sued on. Plaintiff says that the purpose of the said institution and the purpose of the funds held by the defendant home is not to escape legal obligations, but said funds are to be used for the payment of just debts and obligations incurred by said home. Plaintiff says that it is not the purpose of said trust fund to be held by a corporation that can do no wrong, but the purpose of said fund is to right wrongs that the said corporation may do as well as right the wrongs through charity, brought about by others. Plaintiff pleads and relies upon the facts hereinabove set out as an estoppel on the said Church Home and Infirmary of the plea of exemption from liability for the negligence of its agents acting within the course and scope of their employment and on the business of said home and infirmary by reason of the protection that the said home has afforded to itself through the liability insurance policy hereinabove set out to the limit of $5,000, the limit of liability under said policy.''

Under the law prevailing in this state, a charitable institution not conducted for profit, but organized solely for the purpose of the treatment and care of the poor and the sick, and whose income, whether derived from donations or from pay patients, is devoted exclusively to the maintenance of the institution, is exempt from liability for the torts of its agents or employees. Cook v. John N. Norton Memorial Infirmary, 180 Ky. 331, 202 S. W. 874, L. R. A. 1918E, 647; Emery v. Jewish Hospital Association, 193 Ky. 400, 236 S. W. 577. Immunity from liability is usually based on three grounds: (1) Public policy; (2) the assets or funds of the institution are impressed with a trust for charitable purposes, and may not be diverted to other use; (3) those who voluntarily enter the institution, whether as pay or charity patients, impliedly waive all claim for injuries and assume the risk thereof; and we have held that all three theories of non-liability are based on sound logic. Cook v. John N. Norton Memorial Infirmary, supra.

Assuming that the principal, if not the sole, ground of nonliability is the trust fund doctrine, counsel for appellant insists that there is no reason for the application of the doctrine when the charity is protected against loss by a solvent insurance company. The amended and substituted petition does not set out the insurance contract in haec verba, or even give the substance of its terms. In the absence of such averments, it may be doubted if the allegation that by the terms of the policy the defendant home was and is protected against loss, etc., is anything more than a mere legal conclusion. But, assuming that there is protection against loss, it is apparent that the contract is one of indemnity only, and, if there be no loss, there is no liability on the part of the insurance company. Such is the view taken by this court in Simons v. Gregory, 120 Ky. 116, 85 S. W. 751, 27 Ky. Law Rep. 509, where we held that a surety company which had contracted to indemnify the county and fiscal court against loss was not liable for personal injuries resulting from a defective elevator in the courthouse, where neither the county nor the fiscal court was liable for such injuries. Under this rule it hardly can be said that appellee is protected when there is no liability on the part of the surety company.

But, taking up the theory that the mere procurement of indemnity insurance by a charitable institution is sufficient of itself to make the institution liable on the ground that no diversion of the trust funds would result, we find the argument ably answered in the following excerpt from the opinion of the District Courts of Appeal of California in Levy v. Superior Court, 74 Cal. App. 171, 239 P. 1100:

> "In jurisdictions where the rule exempting charities from liability has been adopted, and the reason for the rule based upon the trust fund theory, it is held that the charity, whether incorporated or not, is a trustee, and is bound to apply the funds or property in furtherance of the charity and not otherwise, and that the law will not permit the trustee to deplete the fund set aside for charity by using it in paying damages caused by the acts of those engaged in administering the trust. Adams v. University Hospital, 122 Mo. App. 675, 99 S. W. 453; Gable v. Sisters of St. Francis, 227 Pa. 254, 75 A. 1087, 136 Am. St. Rep. 879; Roosen v. Peter Bent Brigham Hospital, 235 Mass. 66, 126 N. E. 392, 14 A. L. R.

563. If a liability may be created or an exemption waived by the acts of the trustee of a charity in procuring and accepting the promise of a third person to make good the losses following such liability or waiver, and the trustee thus allowed to accomplish indirectly that which is not permitted to be done directly, the protection afforded by the rule stated would be destroyed. No authorities holding in accordance with the argument of counsel in this behalf have been called to our attention; and it is our opinion that the theory that a charity, not otherwise subject to liability, may become liable by reason of the procurement by those administering it of indemnity insurance cannot be supported in principle.''

We find ourselves in accord with this view of the question, and are therefore of the opinion that the amended and substituted petition did not state a cause of action.

Judgment affirmed.