HOTZ, Plaintiff and Respondent, vs. INGELS, Defendant and Respondent: LUDWIG, Impleaded Defendant and Appellant.

*February 5—March 6, 1934.*

For the impleaded defendant and appellant there was a brief by *Shaw, Muskat & Paulsen*, attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake*.

For the respondent Hotz there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *G. A. Mittelstaed*.

*L. E. Vaudreuil* of Kenosha, for the defendant and respondent Ingels.

WICKHEM, J. The first assignment of error is that there was no evidence to sustain the finding of the jury that defendant Ludwig was guilty of negligence with respect to control, or that such negligence, if it existed, was a cause of the collision. The accident happened at the intersection of three highways in Kenosha county. State trunk highway 50 runs east and west. State trunk highway 83 runs north and south. It joins highway 50 at the intersection in ques-

tion, and coincides with it for some distance to the east thereof. County trunk F comes in to highway 50 from the north. It approximately constitutes a natural continuation of highway 83, but a small jog makes the intersection slightly irregular. Highway 50 to the east of the intersection declines very sharply. On the northeast corner of the intersection there is a house set back about twenty-five feet, and some trees further obstruct the intersection. The intersection is protected by stop lights having the same phase for north-and-south traffic as for east-and-west traffic, with the usual amber light running for three seconds between changes of signal. Traffic proceeding on highway 50 from the west and turning south on highway 83 is permitted to turn right against the red signal, and thus is in competition with south-bound traffic entering highway 83 from the north during the phase of the north-and-south green light. The collision occurred at about 8:20 a. m. on September 20, 1931. The roads were dry and the day was clear. Plaintiff was a guest in the car operated by Ludwig, which was proceeding south on county trunk F. Defendant Ingels was driving a Ford sedan west on highway 50. The cars collided close to the center of the intersection, and after the collision were located somewhat to the west of the center and partly in the northeast corner of the intersection. The front of the Ludwig car struck the right front of the Ingels car.

No question is raised as to the sufficiency of the evidence to support the jury's conclusions as to Ingels' negligence. Nor are the jury's findings that Ludwig was not guilty of negligence with respect to lookout and disobeying the directions of the traffic signal without evidence to support them. The evidence is that Ludwig looked to the east when he was about ten feet from the intersection and that he saw nothing. There is evidence from which the jury could con-

clude that the intersection was obstructed up to this point, and that even at this point the Ingels car was not within the range of Ludwig's vision due to the precipitate character of the grade to the east. After taking this observation Ludwig then turned his attention to the west-bound traffic on highway 50. Since that traffic could proceed against the red light if it was turning south on highway 83, it constituted a hazard to which he was required to give particular attention, since he proposed to drive across the intersection and enter highway 83 in competition with it. The testimony is that Ludwig, having ascertained that the signal was favorable to his crossing, and having looked to the east and then to the west, again looked to the east and saw the Ingels car in his path, and within seven or eight feet of him. Having in mind the character of the hill in the direction from which Ingels was approaching, the jury were warranted in concluding that Ludwig could have made a proper observation and failed to see the Ingels car. In view of the further fact that the traffic lights were in his favor, and that the peculiarities of the traffic signals at this intersection required his attention to be directed principally to the west, the jury could properly conclude that a proper lookout was maintained. The evidence was squarely in conflict as to which driver disobeyed the traffic signals, and this also was a jury question.

The next question is whether the finding of the jury that Ludwig was negligent with respect to control is sustained by the evidence. It is clear that if the traffic lights were in Ludwig's favor, and if he was not negligent as to lookout, the finding that a negligent want of control upon his part was a cause of the collision cannot be sustained. When Ludwig first saw the Ingels car it was within seven or eight feet of him. There is no contention that Ludwig, in the exercise of ordinary care, could have stopped his car

within the space of seven or eight feet, or that he could have otherwise so managed or directed his car at that stage as to avoid the collision. Nor does the evidence disclose any act of omission on his part from the time he first observed the Ingels car until the happening of the collision that would constitute negligence with respect to control. It follows that in so far as want of control may be considered to relate to Ludwig's conduct after the Ingels car appeared in his path, there is neither evidence of negligence nor proximate cause. The only ground upon which Ludwig could have been found negligent was that of speed, in view of the obstructed intersection, but it is plain from plaintiff's testimony that she fully acquiesced in the speed at which he drove, and hence assumed the risk. Since the finding that Ludwig was negligent with respect to control and that this was a cause of the collision cannot be sustained, and since plaintiff's acquiescence in his speed would preclude a liability to her for negligence in that respect, it follows that there is no basis either for a judgment in favor of plaintiff or one for contribution in favor of Ingels. The relation between Ludwig and plaintiff was that of host and guest. In order to recover contribution it was necessary for the defendant Ingels to establish liability on the part of Ludwig in favor of plaintiff, based upon a violation of his duties as host. *Standard Accident Ins. Co. v. Runquist,* 209 Wis. 97, 244 N. W. 757. This he failed to do.

These conclusions make it unnecessary to discuss any of the other contentions made by the appellant.

*By the Court.*—The portions of the judgment appealed from are reversed, and cause remanded with directions to dismiss the cross-complaint, and to strike from the judgment that portion thereof which awards plaintiff recovery against defendant Ludwig.