### WIRRIG v HARTER

Ohio Appeals, 2nd Dist, Darke Co

No 564.  Decided May 26, 1939

Murphy & Staley, Greenville, for plaintiff-appellant.

Maher & Marchal. Greenville, and Thomas, Hyers, Leyland & Stewart, Dayton, for defendant-appellee.

### OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment in behalf of the defendant.

Plaintiff instituted her action against the defendant for damages for personal injuries sustained by her in an automobile collision, which, the petition averred, was caused by the wanton misconduct of the defendant, driver of the automobile.

The defendant answering by way of second defense said:

"Thereafter on the same date of said automobile collision plaintiff and defendant were married and thereafter lived and cohabited together; that said marriage continued until January 12, 1938, when plaintiff and defendant were divorced, after which this action was commenced; that by reason of said marriage the alleged claims and causes of action set forth in plaintiff's petition became extinguished under the law."

Plaintiff demurred to this defense, which the Court overruled. Plaintiff desiring to plead no further, judgment was entered for defendant on said second defense. The judgment entry further recites that the plaintiff admitted that the parties were married subsequent to the injuries complained of and thereafter divorced. From this judgment the appeal is prosecuted.

There thus is presented the question whether or not a plaintiff may maintain an action against her former husband for damages growing out of a tort committed by the former husband against the plaintiff before their marriage.

We have examined the brief of appellant and as we interpret it counsel concedes that the rule is stated in 30 Corpus Juris, 715, but that it should not obtain because the reason for the rule fails after martial relation is severed. The rule as announced is,

"Divorce does not enable an action to be brought for a tort which was committed during coverture, or which was committed before coverture, and the right of action for which was extinguished by marriage"

This citation as to volume number is in error, but we assume the subject matter is correctly set forth.

We find no case cited, nor upon independent research, wherein the facts are identical with those found in the instant case. Under the Married Woman's Acts of many states of the Union and under our own law, liberalizing the rights of the wife during the marital status, it has been held that an action for a tort committed by the husband against the wife does not lie during coverture.

**Finn v Finn, 19 Oh Ap, 302;**
**Leonardi v Leonardi. 21 Oh Ap 110;**
Faris v Hope, 298 F. 727;
Butterfield v Butterfield, 187 S. W. 295;
Sargent v Fedor, (N. J.) 13 Atl., 207;
Pearlman v Brooklyn City Ry Co., 191 N. Y. S. 891;
Schauler, Sixth Edition, Marriage and Divorce, etc., 669.

The rule thus announced is supported by the overwhelming weight of authority, although there are some decisions to the contrary, notably, Crowell v Crowell (N. C.) 105 S. E. 149 and Prosser v Prosser (S. C.) 102 S. E. 787.

In Newton v Weber, 196 N. Y. S. 113, the principle as announced by the majority is followed, although the tort occurred and summons was served prior to the intermarriage of the parties.

Counsel urges, and with much logic, that at common law there was controlling basis for the decisions to the effect that the wife could not recover against the husband for a tort during coverture because the legal existence of the wife was merged in that of the husband. This controlling factor has long since been abrogated in Ohio and most of the States of the Union, but, notwithstanding, the right to institute such an action has consistently been denied.

Some support for the position of the appellee is found in **State v Phillips, 85 Oh St 317**, wherein it was held that neither the husband nor the wife can

be prosecuted for larceny of goods of the other notwithstanding the provisions of the Code relating to husband and wife. The court held that before such an action would be countenanced,

"An intention of the legislature to abolish an established rule of the common law and to create a crime, where none existed before, must clearly and unmistakably appear."

Thompson v Thompson. 218 U. S., 611, discussing this question says:

"While, by Section 1155 and other sections of the Code of the District of Columbia, common law was changed by conferring additional rights on married women and the right to sue separately for redress of wrongs concerning the same, it was not the intention of Congress to revolutionize the law governing the relation of husband and wife between themselves."

As we say, none of these cases reach the narrow question presented. It seems to us, however, that if, under the liberalizing Married Woman's Acts of the country, radically changing and enlarging the rights of the wife in the marital status, the wife can not maintain an action during coverture for damages for a tort committed against her by her husband, for the same reason she would not be permitted to maintain such an action after that relationship is terminated. This should be so, even if it be grounded upon no other basis than public policy. This principle may also be maintained because there is nothing in our Code which indicates any purpose to revive by divorce a cause of action arising before marriage but extinguished thereby. Unless and until there is some definite indication that such is the purpose of our law it should not be encouraged. To permit such actions to be instituted would tend to increase litigation, disturb the harmony of the marital status and afford an incentive to terminate the relationship.

It has been suggested that the in-

jury suffered by a wife, by reason of a tort of her husband, may be considered and adjusted in a divorce proceeding by the court making an allowance to her therefor. Supporting this position Thompson v Thompson, supra, is cited, wherein it is said that in a suit for divorce, separation and alimony the court may protect the rights of the injured person and redress her wrongs.

This is questioned by appellant and it is urged that if the husband had insurance there would be no basis upon which the insurer could be made to respond on its policy of indemnity. This does present an interesting question, but we might add that there would be other difficulties along the way in fixing liability against an insurance company in the instant case. if the former husband carried indemnity insurance.

There are difficulties foreseeable in assuring any proper award to the wife in a divorce action for injuries which she may have suffered by her husband's tortuous conduct toward her, either before or during coverture. Not only may the husband not be able to respond by reason of inadequacy of finances or property holdings, but it may be that the wife would be the aggressor and it would be difficult indeed to assure to her any recompense for her injuries.

On the other hand, it would be entirely fitting and within the power of the court to give full consideration to the physical condition of the wife at the time the court was adjudging her alimony rights and fixing a division of the property. If by reason of physical infirmity she was unable to work or otherwise handicapped, and this condition had resulted solely because of the tort of her husband, either before or during coverture, and the court made allowance therefor, clearly the wife would have been compensated for damages resulting from the injuries caused by her husband. If an award was made to her upon this basis it would seldom specifically appear in the journal entry fixing her award. If, after the decree of divorce the wife could maintain her action against the hus-

band, it would in effect accomplish a double recovery growing out of the same act.

We are satisfied that in the light of the rationale of the opinions herein cited the demurrer to the second defense of the answer of defendant was properly overruled and the judgment entered should be supported.

Judgment affirmed.

GEIGER & BARNES, JJ, concur.