**SCHROEDER v. LONGENECKER.**

No. 1166.

District Court, E. D. Missouri, S. D.

April 28, 1947.

Oliver & Oliver, of Cape Girardeau, Mo., for plaintiff.

Blanton & Blanton, of Sikeston, Mo., for defendant.

HULEN, District Judge.

Plaintiff, a resident of Kentucky, sued in the state court for injuries sustained in

Missouri, while a passenger in an automobile driven by her husband, when the car in which plaintiff was riding collided with an automobile driven by defendant, a resident of Kansas. The case reached this Court by the usual removal procedure. By motion defendant seeks "leave to make William H. Schroeder a party to this action" by a third-party complaint under Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[1] Plaintiff resists the motion and the issue is now before the Court for ruling.

The controlling fact admitted by defendant is that William H. Schroeder is the husband of plaintiff. The theory upon which defendant bases its motion is: " * * * even though the wife may not sue the husband directly, this does not militate against the * * * [defendant] seeking either indemnity in case the husband is the sole cause of the wife's injuries, or contribution in case the husband is a concurring cause of the wife's injuries * * *."

The exact question presented by defendant's motion has never been passed upon in any state decision, nor do we find any federal ruling where the facts are like those presented by the present record and the state law the same as that in Missouri.

█ It is not necessary that plaintiff's husband be made a party defendant to secure defendant in any defense he might have arising from plaintiff's injuries resulting from the sole negligence of the husband of plaintiff. This is a complete defense to this action in its present form. Defendant's right to implead the plaintiff's husband must turn on preservation of rights, if any, arising from negligence of the husband of plaintiff contributing to cause plaintiff's injuries based on the laws of Missouri and the Federal Rules of Civil Procedure.

█ Missouri law provides for contribution between joint tort-feasors (Sec. 3658, R.S.Mo.1939, Mo.R.S.A.). In Farrell v. Kingshighway Bridge Co., Mo.App., 117 S.W.2d 693 it was held, the right of contribution between joint tort-feasors does not arise under the statute cited until a joint judgment is had, and until then one joint tort-feasor may not complain if the injured party elects to pursue another alone.

█ The Missouri courts hold that under the Missouri common law neither husband nor wife have a cause of action against the other for injuries to his or her person; and that there is no authority, express or implied, in any statute for the wife to sue the husband for personal tort. It is the law of Missouri that the wife has no cause of action against her husband for personal injuries (Willott v. Willott, 333 Mo. 896, 62 S.W.2d 1084, 89 A.L.R. 114). This being a diversity case this Court occupies the position of just another state court as to the substantive law of the case (Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487). Under the substantive law of Missouri a wife has no cause of action against her husband for personal injuries inflicted by him and the Federal Rules of Civil Procedure cannot create one. Such Rules relate only to matters of procedure and not substantive rights.

█ In an apparent effort to free himself, on a practical basis at least, from the Missouri law which declares a wife has no cause of action against her husband for personal injury, defendant would plead in its third-party petition that the plaintiff's husband carries liability insurance and that the insurance company is therefore the real party in interest. Defendant cites the case of Gray v. Hartford Accident & Indemnity Co., ruled first in D.C., 31 F.Supp. 299, 305, and later in D.C., 32 F.Supp. 335. The first ruling discusses the point under consideration. The Gray case is not controlling in our opinion. Under the Louisiana law the tort-feasor's insurer could

---

[1] "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * *"

be made a party to the suit, but more important, in its bearing on the present question, is the holding in the Gray case that "the wife has the substance of the claim as her own" for personal injuries even though inflicted by her husband, but under the "procedural law" of the State of Louisiana "A married woman can not sue her husband as long as the marriage continues" for personal injuries. In the Gray case the district court held that since under the substantive law in the State of Louisiana the wife had a cause of action, the federal court was not bound to follow the procedural law of the State of Louisiana but would apply "the procedural law of the federal courts. Therefore, the husband must answer the third-party complaint". We have serious doubt that this ruling, permitting a different result in the suit because of a choice of forum, is in accord with the ruling of the Supreme Court in the Erie case. The law in Missouri is unlike the law of Louisiana with reference to joining the insurer. The Missouri courts hold "in very positive and unequivocal language that any effort on the part of a litigant to inform the jury in a case of this kind that the other party has insurance protection will constitute reversible error." See Pillsbury Flour Mills Co. v. Miller, 8 Cir., 121 F.2d 297, 302. The case of Stedem v. Jewish Memorial Hospital Ass'n, Mo.App., 187 S.W.2d 469, 471, announces a rule of law applicable to defendant's contention: "* * * by the terms of the policy, that the insurance company agreed to pay any loss of the insured (the defendant) to the extent of the latter's liability, only. In other words, the insurance covered the liability of the defendant whatever that might become and not some other or greater liability. To hold that defendant's liability was increased by the mere existence of the insurance policy would, in effect, be writing a different contract of insurance than that entered into between the parties. It is well settled that a policy of insurance 'being a voluntary contract, the parties may make it on such terms, and incorporate such provisions and conditions, as they see fit to adopt, and the contract as made measures their rights'. 32 C.J. pp. 1091, 1092. Of course, the contract must not be in violation of law. 'The basis on which the defendant's legal responsibility for torts rests would not be changed by its entering into a contract with an insurance company by which the latter for a consideration and within specified limits undertakes to assume responsibility for damages resulting from accidents for which the defendant might be found to be liable, even though thereby to a certain extent the diversion of the funds of the defendant to that purpose might be avoided.' Enman v. Trustees of Boston University, 270 Mass. 299, 170 N.E. 43, 44. 'It is apparent that the contract is one of indemnity only, and, if there be no loss, there is no liability on the part of the insurance company.' Williams' Adm'x v. Church Home for Females and Infirmary for Sick, 223 Ky. 355, 3 S.W. 2d 753, 754, 62 A.L.R. 721."

Defendant cites a line of cases holding a wife can sue her husband's employer for personal injuries inflicted by her husband while acting as servant of the employer. Mullally v. Langenberg Bros. Grain Co., 339 Mo. 582, 98 S.W.2d 645, 646. We do not think this line of reasoning is any aid to the defendant in his present position. The basis of liability is peculiarly a wrong done by the servant while acting for the master—or the master acting through its servant. It is the master's act committed in the course of the employment by the servant that fixes liability. That there may be contribution under the Missouri statute in favor of the employer against the servant does not furnish a basis for permitting a wife to sue her husband in a case where there is no master and servant relationship. Contribution is based upon the breach of an independent duty owing to the master. "The servant owes the duty to the master to render faithful service, and must answer for the damage if the quality of the service is lower than the standard." Mullally v. Langenberg Bros. Grain Co., supra.

What would be the effect of permitting defendant to implead plaintiff's husband? The case would proceed to trial and the results would be the same as if plaintiff had originally sued her husband jointly with defendant. Under proper in-

12

structions if the jury found the husband was solely responsible for plaintiff's injuries a verdict would be rendered solely against the husband. If the jury found the husband was jointly responsible for plaintiff's injuries it would render a judgment jointly against the two defendants. That plaintiff's husband carries liability insurance, assuming such insurance coverage extends to "a member of the family riding as a guest" does not alter the fact that plaintiff's verdict, if the jury found her husband to be a joint tort-feasor or solely responsible for plaintiff's injuries, would be against plaintiff's husband. That a wife has no cause of action against her husband for tort is a principle of law based on public policy. Insurance protection does not change the principle. Stedem v. Jewish Memorial Hospital Ass'n, supra.

Rule 14 gives the defendant a right to bring in a third party who is or may be liable to the plaintiff but we find no authority justifying a construction of this Rule which would give the defendant a recovery in this Court which could not be obtained in the state court. In a diversity case the choice of forum does not permit of such a result. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. In other states, the rule that if the injured party cannot as a matter of law recover from one tort-feasor, no common liability exists entitling the other to contribution from him, has been frequently upheld. Norfolk Southern R. Co. v. Gretakis, 1934, 162 Va. 597, 174 S.E. 841; Kauth v. Landsverk, 1937, 224 Wis. 554, 271 N.W. 841; Hotz v. Ingels, 1934, 214 Wis. 356, 253 N.W. 177; Walker v. Kroger Grocery & Bakery Co., 1934, 214 Wis. 519, 252 N.W. 721, 92 A.L.R. 680; Zutter v. O'Connell, 1930, 200 Wis. 601, 229 N.W. 74; Patterson v. Tomlinson, Tex.Civ.App, 1938, 118 S.W.2d 645, error refused.

## Order

Motion of defendant for leave to make William H. Schroeder a party to this action by a third-party complaint under Rule 14, Federal Rules of Civil Procedure, is overruled.