CARMEN SERRANO, Plaintiff and Appellant, v. JOVITO GONZÁLEZ, Defendant and Appellee.

No. 9459. Argued November 3, 1947.—Decided April 19, 1948.

A. *Figueroa Rivera* for appellant. *F. González, Jr.,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This is the first case in this jurisdiction wherein one spouse brings an action against the other to recover damages for personal injuries. The lower court dismissed the complaint on a motion for dismissal for insufficiency.

As Manresa says, today no one may allege seriously the unity of person in matrimony, for there is no provision whatsoever in the Civil Code, nor in any other statute, from which this principle may emanate. Manresa, *Comentarios al*

*Código Civil Español* (2nd ed. 1908) Vol. 10, page 93.[1]   With less reason may the unity of person be alleged under our Civil Code, since it has eliminated many of the disabilities of the wife found in the Spanish Civil Code.[2]   However, not all the disabilities have been eliminated. Section 93 of the Civil Code confines the capacity of the wife to appear in court in all cases referring to the defense of her own rights and property, to the discharge of the *patria potestas,* guardianship or administration conferred on her by law and to the exercise of a profession, employment or occupation. By reason of this limitation and because the husband is the administrator and legal representative of the conjugal partnership, this Court has repeatedly held that a complaint filed by the wife for the recovery of rights belonging to the conjugal partnership does not state facts sufficient to constitute a cause of action.   *Valiente & Cía.* v. *District Court, ante,* p. 36; *Flit* v. *White Star Bus Line, Inc.,* 49 P.R.R. 139; *Flit* v. *White Star Bus Line, Inc.,* 50 P.R.R. 95; *Vázquez* v. *Valdés, et al.,* 28 P.R.R. 431.   And since it is settled in this jurisdiction that the compensation allowed for personal injuries to either of the spouses is community property, the wife lacks capacity to sue therefor.   *Flit* v. *White Star Bus Line, Inc., supra; Vázquez* v. *Valdés et al., supra.*

It is true that Rule 17(*d*)(2) of the Rules of Civil Procedure, cited by appellant, provides that a married woman does not need to join her husband as party when the action is between herself and her husband and that she may sue or be sued alone.   But this Rule refers to those cases where

---

[1] The Laws of *Las Siete Partidas, Partida* 3, Title II, Law V, prohibited suits between husband and wife precisely because of the unity of person.

[2] Compare §§ 60, 61, 62, 1387, 1388 and 1413 of the Spanish Civil Code with §§ 91, 92, 93 and 1313 of our Code. Besides, the wife under the Spanish Civil Code cannot acquire property for the conjugal partnership without the permission of her husband. On the other hand, in this jurisdiction, by judicial construction, she may acquire, without any permission whatsoever, any kind of property, including immovables for the conjugal partnership. *Segarra* v. *Vivaldi,* 59 P. R. R. 797.

the wife is defending her own right, and not one of the conjugal partnership, which may be claimed by the husband alone, as legal representative of said partnership. Moreover, this Rule refers exclusively to matters of procedure and not to substantive rights. In other words the Rule does not create a cause of action which was formerly nonexistent. *Schroeder* v. *Longenecker,* 7 F.R.D. 9 (1947).

■ In Louisiana a married woman cannot sue her husband during coverture, except for separation from bed and board, or for the separation of property, or for the restitution and enjoyment of her paraphernal property, or in case she holds her property separate from him by virtue of her marriage contract, or for divorce; but in no case can she sue her husband without the authorization of the court before which she brings her action. Section 105 of Louisiana Code of Practice. In the majority of the jurisdictions of the United States wherein common law prevails, the courts have dismissed such cause of action between spouses for reasons of public policy, despite the existence of statutes which apparently tend to authorize the action. *Thompson* v. *Thompson,* 218 U.S. 611 (1910); Haglund, Tort Actions Between Husband and Wife, (1939) 27 Geo. L.J. 697–731, 893–922; William E. McCurdy, Torts Between Persons in Domestic Relation, (1930) 43 Harv. L. Rev. 1030; Annotation in 130 A.L.R. 889.

The judgment will be affirmed.