(77 South. 335)

JOHNSON v. JOHNSON. (8 Div. 37.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. HUSBAND AND WIFE ⬤⟹205(2)—RIGHT OF ACTION BETWEEN HUSBAND AND WIFE—ASSAULT.

Under Code 1907, § 4492, providing that the wife has full legal capacity to contract as if she were sole, except as otherwise provided by law, section 4497 authorizing husband and wife to contract with each other, section 4489 providing that damages which the wife may be entitled to recover for injuries to her person or reputation are her separate property, and section 4493 providing that the wife must sue alone for injuries to her property, person, or reputation, the common-law fiction of legal identity between husband and wife is abrogated, and, except as disabilities have been retained, each as against the other has all the rights of persons not so related, and hence the wife may sue the husband for assault and battery.

2. WITNESSES ⬤⟹228—EXAMINATION—MANNER OF TESTIFYING.

The courts exercise a large discretion in respect to the mode of examining witnesses, and may permit a female witness to answer questions shocking to modesty in the way least

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

offensive to a proper sense of decency, and permitting a witness to write the words "damn bitch, damn yellow bitch," in answer to a question, was not error, where the right of cross-examination was not limited and defendant was not injured in any other respect.

**3. HUSBAND AND WIFE ☞3(2), 232(2)—ASSAULT—PROVOCATION—MITIGATION.**

That a wife had refused to allow her husband's father to sit at the table with her, had carried away from the home carpets and rugs furnished by the husband, had advised the husband's patients against having his services as a physician, had complained about his absence from home at night, and would not cook his meals or inform him of telephone calls for him in his professional capacity and other like examples and evidences of her failure to observe the duties of a faithful wife, though well calculated to embitter and exasperate the husband, furnished no sufficient excuse for the husband's assault on her, nor was evidence of such matters or of other misconduct by the wife admissible in mitigation of damages where they did not have an intimate or close connection in point of time with the assault.

**4. HUSBAND AND WIFE ☞232(2)—ASSAULT—PROVOCATION—MITIGATION.**

In a wife's action against her husband for assault and battery, he could not show, by way of justification or mitigation, that the wife was of a mean and fussy disposition.

**5. WITNESSES ☞280 — CROSS-EXAMINATION—ARGUMENTATIVE QUESTION.**

In such action, a question asked the wife, "Your feelings toward your husband at that time were such that you would not notify him that you had been in an accident?" was properly excluded as argumentative.

**6. EVIDENCE ☞266 — DECLARATIONS · OF THIRD PERSON—ADMISSIBILITY.**

Where, after the alleged assault, plaintiff complained to a magistrate, evidence that he refused to issue a warrant and evidence of his reasons for such refusal was incompetent and properly excluded.

**7. HUSBAND AND WIFE ☞232(2)—ASSAULT—EVIDENCE—ADMISSIBILITY—MOTIVE.**

Evidence that the wife had a suit pending against the husband at the time of the assault was admissible as going to show motive.

**8. EVIDENCE ☞123(9), 125 — RES GESTÆ —ACTIONS AND CONDUCT AFTER ACCIDENT.**

Evidence as to where plaintiff went and how long she stayed at sundry places, and what was done for her by some of her neighbors and relatives during a good many hours after the assault, could only have been relevant and competent as tending to show the nature and extent of her injuries; and where there was no element of spontaneity in the subsequent transactions, and they may have been calculated, and must have rested on inferences drawn from the wife's declarations and conduct long after the assault, the evidence was inadmissible.

**9. APPEAL AND ERROR ☞1053(3)—HARMLESS ERROR—ADMISSION OF EVIDENCE—CURE BY INSTRUCTIONS.**

The general tendency of certain items of such evidence to arouse the sympathy of the jury for the wife because of her separation·from her husband and her home was not cured by instructions that she could not recover damages for such separation in the action for assault.

**10. HUSBAND AND WIFE ☞205(1)—ASSAULT—DAMAGES—ELEMENTS.**

In a wife's action against her husband for assault, she cannot recover damages because of her separation from her husband and her home by reason of the assault.

**11. TRIAL ☞260(1) — INSTRUCTIONS — REQUESTS COVERED BY INSTRUCTIONS GIVEN.**

The refusal of a requested instruction substantially covered by one given was not reversible error.

**12. TRIAL ☞252(8)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.**

In a wife's action against her husband for assault, an instruction that the husband was under no duty to hold the wife to keep her from assaulting him was properly refused, where it apparently was an abstraction, the evidence showing no reason why it should be given.

**13. TRIAL ☞194(16), 240, 242—INSTRUCTIONS—MISLEADING INSTRUCTIONS—ARGUMENTATIVE INSTRUCTION—INVADING PROVINCE OF JURY.**

Instructions that certain acts on the part of the husband would not be a provocation justifying the wife in assaulting him or put him at fault in provoking or bringing on the difficulty, were properly refused as misleading, argumentative, and invasive of the province of the jury, as the issue was not whether the facts justified an assault by plaintiff on defendant, but whether there were any circumstances to justify or mitigate the assault by defendant on plaintiff, and the requested instructions directed attention to an immaterial issue, · solved such issue for the jury, and tended to produce the impression that it should conclude the case.

Somerville, Gardner, and Thomas, JJ., dissenting.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Ida Johnson against J. K. Johnson for damages for assault and battery. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The third assignment of error is as follows: The circuit court erred, to the injury of the appellant, in overruling defendant's objection to the court's permitting the witness to write on a piece of paper the words, "damn bitch, damn yellow bitch," and permitting these words, when written on the paper, to be read to the jury in the absence of the witness. Assignment 14: The court erred, to the injury of appellant, in refusing to permit defendant to show by plaintiff on cross-examination that in October before this difficulty she had gotten mad and had left home, and did not come back until after the automobile accident. 22. The court erred, to the injury of appellant, in excluding the statement of defendant (speaking of plaintiff) that she was crying. 23. In excluding statement of defendant (speaking of plaintiff) that she was not hysterical—it was just meanness. 24. In refusing to allow defendant to show that plaintiff had assaulted him on a previous occasion with a broom. 27. In refusing to allow appellant to prove by the witness that he had purchased meal of the witness to be delivered to his house, and that he delivered the meal, and plaintiff was the only one there, and that she declared she would not cook it, that he need not bring it, that she was not going to cook it. 25. The court erred in refusing to allow defendant to show that plaintiff's disposition was that of a fussy, quarrelsome,

and contentious person. 26. Same as to another witness. 28. In refusing to allow defendant to show by a witness that he knew plaintiff's temper and disposition, and that it was quarrelsome and fussy. Chargé 3 refused to defendant is as follows: "The court charges the jury that if the parties are husband and wife, you may look to this in connection with all the other evidence, and if you find that the conduct and demeanor of plaintiff toward defendant was such as to irritate, annoy, and provoke defendant into hasty or unthoughted act towards plaintiff, you may consider such condition and conduct in mitigation of such acts on his part, though you should not find him blameless." Assignment 13: The court erred in refusing to allow defendant to ask plaintiff on cross-examination this question: "Your feelings towards your husband at that time were such that you would not notify him that you had been in an accident?" 15. In refusing to permit defendant to ask plaintiff on cross-examination this question with reference to her interview with Dr. Morton: "He told you that you and Dr. Johnson had been quarreling so much that he would not give you a warrant." 16. Question to plaintiff on cross-examination: "Didn't Dr. Morton tell you that your relations with Dr. Johnson were such, and that you had been talking in such a way, he could not give you a warrant?" 17. Question to plaintiff on cross-examination, speaking of Dr. Morton: "He did not give you a warrant, did he?" 18. Just after plaintiff as a witness had testified, "I just asked him for protection," the court refused to permit defendant on cross-examination to ask her if Dr. Morton did not tell her that she did not need protection. Assignment of error 4: The court erred in permitting plaintiff as a witness to testify that Mrs. Polk assisted her up the steps and into the house. 5. Permitting plaintiff to testify that she was in Mrs. Polk's house an hour or so. 6. Permitting plaintiff to testify that she remained at Mrs. Snellgrove's until the middle of the afternoon. 7. Permitting plaintiff to testify as a witness that she was carried there not long before night and remained there. 8. Permitting witness to testify: "I do not know just exactly how long it was, but just as I would suffer. I do not know that it was applied every day, but was for a while." The following charges were refused to defendant: 4. The court charges the jury that defendant was under no duty to hold plaintiff to keep her from assaulting him. 7. Under the law defendant had the right to inquire of plaintiff about household articles, or their disposition, and such inquiry would not be provocation which would justify a wife in assaulting him. 9. Inquiry by the husband as to the management or government of the house, made of the wife, do not justify an assault by her upon him, nor would such inquiry put him at fault in provoking or

bringing on the difficulty. 10. The use of words of remonstrance or rebuke or reproach by the husband to the wife do not constitute a fault on his part as a justification for an assault by her upon him, whether such remonstrance, rebuke, or reproach were well or ill founded. 11. Practically the same as 10.

A. E. Hawkins, of Albertville, and John A. Lusk & Son, of Guntersville, for appellant. Street & Bradford, of Guntersville, for appellee.

SAYRE, J. This appeal raises the question whether, under our system of law, a wife may maintain an action to recover damages for an assault and battery committed upon her person by the husband.

[1] It is conceded, of course, that at the common law no such action could be maintained. That law regarded the husband and wife, for judicial purposes, as but one person, and, we may add, the husband was that person. Hence the rule to which we have referred and one result that husband and wife could not contract with or sue each other. While much of that law has disappeared under the pressure of a public opinion steadily growing in enlightenment, it must still be conceded that it is not for the courts by sudden strokes of policy to make deep innovations upon the established law. We think, then, that the question now before us may be appropriately stated in the following form: Have our statutes on the subject of the rights of married women left unchanged the theory of legal identity, of old the foundation of the marital status, merely providing exceptions to the necessary consequences of that theory, or has that foundation been so substantially changed that, except as disabilities have been retained, each has against the other all the rights of persons not so related? Under our statutory system, our opinion is that the latter alternative may and should be adopted.

Section 4492 of the Code provides that "the wife has full legal capacity to contract as if she were sole, except as otherwise provided by law." "The husband and wife may contract with each other," etc. Section 4497. "All damages which the wife may be entitled to recover for injuries to her person or reputation are her separate property." Section 4489. "The wife must sue alone * * * for injuries to such property, * * * or for all injuries to her person or reputation," etc. Section 4493. There are other sections bearing more or less remotely upon this subject. It may be said that the last-quoted section was not enacted with a view to precisely the case here presented; but these sections, the last included, have the effect of abrogating the fiction of legal identity, and seem thereby, except as otherwise prescribed, to destroy the foundation of the common law in its application to questions touching the rights of husband and wife inter se.

In Bruce v. Bruce, 95 Ala. 563, 11 South. 197, where the wife sued the husband in detinue, the court said:

"Our conclusion is that, if the suit is one which the statute requires to be brought in the name of the wife alone, it may be prosecuted against her husband, if he is the party responsible for the violation of the right to be vindicated by the suit. The effect of the statute is that the legal rights of the wife as against her husband may be enforced by legal remedies."

In Cook v. Cook, 125 Ala. 583, 27 South. 918, 82 Am. St. Rep. 264, the court, after referring to the decision in Bruce v. Bruce, said that:

"The right to sue her husband to recover from him possession of her realty rests upon the same statutory provision and the same principles declared in the case cited as to her personalty, and can no more be denied in respect of one class of property than in respect of the other. * * * To hold otherwise would be to give the husband rights and estates in the wife's lands which our statutes not only do not provide for, but expressly provide against."

The ancient common law of England, which gave the husband, at least among "the lower rank of the people," the right to restrain the wife of her liberty and to chastise her (1 Blk. Com. 444), was never in this state the law for any rank or condition of people. Fulgham v. State, 46 Ala. 143. The Legislature, as we have seen, has given the wife an action against the husband for injuries to her property rights, and we can hardly conceive that the Legislature intended to deny her the right to sue him separately, in tort, for damages arising from assaults upon her person. The language of the statute covers the one form of injury as well as the other, and we hold that the wife was properly allowed to proceed with her suit, defendant's pleas and special charges requested to the contrary nevertheless. The wife's remedies, by a criminal prosecution or an action for divorce and alimony, which in some jurisdictions are allowed to stand as her adequate remedies for wrongs of the sort described in this complaint, so far from being adequate remedies, appear to us to be illusory and inadequate, while, as for the policy which would avoid the public airing of family troubles, we see no reason why it should weigh more heavily against this action than against those which the courts universally allow.

[2] Every court has the power to preserve the common decencies of life. In the exercise of this power, the constitutional rights of parties and witnesses duly observed, the courts exercise a large discretion in respect to the mode of examining witnesses. They may permit a female witness to answer questions shocking to modesty—and such questions are sometimes necessary—in the way least offensive to a proper sense of decency. Probably in this case the witness balked too readily, but there is no evidence that the defendant's right of cross-examination was in any way limited, nor that in any other respect defendant was injured by that ruling

of the court which permitted the plaintiff to answer in writing the question made the subject of the third assignment of error.

[3, 4] The fact, if it was a fact, that plaintiff had refused to allow defendant's father to sit at table with her; that she had carried away from the home carpets and rugs furnished by defendant; that she had advised the defendant's patients against having his services as a physician; that she had complained about plaintiff's absence from home at night; that she would not cook his meals; that she would not inform him of telephone calls for him in his professional capacity as a physician; and other like examples and evidences of plaintiff's failure to observe the duties of a faithful wife, though doubtless well calculated to embitter and exasperate the ordinary husband, furnished no sufficient excuse for the alleged assault, nor was evidence of these things admissible in mitigation of damages; this last for the reason that the occurrences sought to be proved were not shown to have had anything like an intimate or close connection in point of time with the assault of which the plaintiff was complaining. Keiser v. Smith, 71 Ala. 481, 46 Am. Rep. 342; Lovelace v. Miller, 150 Ala. 422, 43 South. 734, 11 L. R. A. (N. S.) 670, 14 Ann. Cas. 1139; 7 Mayf. Dig. p. 44. These authorities answer also assignments of error numbered 14, 22, 23, 24, and 27. And it is clear that the court correctly ruled in not allowing the defendant husband to show, by way of justification or mitigation, that plaintiff was of a mean and fussy disposition, as appears in those rulings made the subject of assignments numbered 25, 26, and 28. And so of charge 3 refused to the defendant.

[5] The question shown by the thirteenth assignment of error included an argument, as the trial court observed, and for that reason, if none other, error cannot be affirmed of the court's ruling against it.

[6] Assignments 15, 16, 17, and 18. The court committed no error in sustaining the plaintiff's objections to questions by which the defendant sought to elicit evidence to the effect that plaintiff complained to a magistrate, after the assault alleged, that the magistrate refused to issue a warrant for defendant, and the reasons assigned for such refusal. What the magistrate said or did at that time was clearly incompetent and inadmissible.

[7] Plaintiff was properly allowed to show that she had a pending suit against the defendant at the time of the assault and battery alleged as going to show a motive.

[8-10] Evidence as to where plaintiff went and how long she stayed at sundry places, and what was done for her by some of her neighbors and relatives during a good many hours after the assault and battery complained of, could only have been competent and relevant on the theory that these things tended to show the nature and extent of her in-

juries. But the court thinks these things had no legitimate tendency in that direction. There was no element of spontaneity in these subsequent transactions. They may have been calculated and must have rested upon inferences drawn from the declarations or conduct of the plaintiff hours after the wrong of which she was complaining. And yet the circumstances shown by the testimony against which the fourth, fifth, sixth, seventh, and eighth assignments of error are laid may have had much to do with enlisting the sympathy of the jury and influencing their judgment of the nature and extent of the injuries suffered by the plaintiff. Moreover, several items of the testimony so admitted tended to produce in the minds of the jury the impression that for plaintiff's separation from her husband and home she was entitled to damages in this action. As we shall see, damages on that account could not be awarded in this cause, and the rulings to which we now refer necessitated requests for instructions to that effect. It is doubtful that such instructions cured the improper influence of this evidence in any of its bearings upon the question of damages. Maryland Casualty Co. v. McCallum, 75 South. 902.[1] We think it reasonably certain that the general tendency of the evidence to arouse the sympathy of the jury upon an improper consideration was not cured. The rulings here shown are therefore held for reversible error.

"There is no law to compel a wife to live with her husband on her land or on his. There is no legal prohibition upon her separating from him and living apart." Cook v. Cook, supra. The like may be said of the husband, though he must support and maintain the wife as long as she does not abandon him without just cause. This consideration entered into the argument for the conclusion that the wife might maintain this action. Damages for separation imply support and maintenance pending separation. Relief of that sort is awarded in the courts of equity upon considerations which have no place in an action for assault and battery. The two remedies cover entirely different fields, and one may not be made to serve the purpose of the other.

[11] Charge 1, requested by the defendant, was a proper charge; but the court holds there was no reversible error in its refusal, for the reason that it was covered substantially by charge 2, given at defendant's request.

[12] We find in the evidence, as reported in the bill of exceptions, no reason why the court should have given the fourth charge requested by defendant. It seems to be an abstraction, its consideration not being required by any tendencies of the evidence.

[13] Charges 7, 9, 10, and 11, requested by defendant, were properly refused. These charges were misleading, argumentative, and invasive of the province of the jury. The issue to be determined was not whether the facts justified an assault by plaintiff on the defendant, but whether there were any circumstances to justify or mitigate defendant's confessed assault upon the plaintiff. These charges directed attention to this immaterial issue, solved it for the jury, and tended to produce the impression that it should conclude the case against the plaintiff.

We have said enough to indicate the opinion of the court on all the questions reserved and argued.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur. SOMERVILLE, GARDNER, and THOMAS, JJ., dissent.