## SPECTOR v. WEISMAN.
### No. 4909.

Court of Appeals of District of Columbia.
Argued March 4, 1930.
Decided April 7, 1930.

Jos. L. Tepper, David L. Blanken, and T. Morris Wampler, all of Washington, D. C., for appellant.

Lucius Q. C. Lamar, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and GORDON, Associate Justice of the Supreme Court of the District of Columbia.

MARTIN, Chief Justice.

This action was brought by appellant as plaintiff below to recover damages for personal injuries sustained by her in an automobile accident occasioned, as alleged, by the negligence of the defendant, now the appellee. The defendant by plea denied the charge of negligence, and afterwards filed an amended plea alleging that since the commencement of the case the plaintiff and defendant had been united in marriage and that the marriage relation still existed between them. The plaintiff demurred to the amended plea as bad in substance, but the demurrer was overruled by the court. The plaintiff then elected to stand upon her demurrer, and judgment was entered against her upon the amended plea. The present appeal was then taken.

The sole question raised by the appeal is whether in this jurisdiction a married woman may maintain an action against her husband for a tort committed by him upon her person before coverture, where the action is begun but not brought to judgment before the marriage of the parties.

We agree with the ruling of the lower court that such an action cannot be maintained under our law.

■ Under the common law, husband and wife were regarded as one person, and neither could maintain an action against the other during coverture for a tortious injury inflicted by one upon the person of the other. "At common law no cause of action arose in favor of either husband or wife by reason of any injury to the person or character of one committed by the other, for instance, libel or slander. This doctrine of nonliability is founded not on the inability of the one spouse to sue the other, but on the principle that husband and wife are one person in law, and it is well exemplified in the cases which hold that a wife after an absolute divorce from her husband, though she is then fully capable of suing him, still can maintain no action against him for a tort or wrong committed by him during the marriage relation against her person or character." 13 R. C. L. 1394. This rule applied where the injury was committed and the action was begun before the marriage of the parties. "And if she marries him after the institution of her action against him for a tortious injury to her person, the action must be dismissed." 30 C. J. 955.

"The canon in question was founded upon the legal fiction that there was an identity of the parties to the marriage contract, and the husband and wife were one; hence a party could not sue himself. The all-important feature of a lawsuit is not its commencement; it avails a party little, * * * unless he follows it to judgment. The principle here involved does not look to the relation of the parties when the cause of action accrued, or when the case was commenced, but to their relation at the time their rights are judicially determined. * * * The fact that the cause of action accrued and that the action was commenced when they were separate entities does not change the situation, now that the parties have become merged into one being." Edgcomb, J., in Newton v. Weber, 119 Misc. Rep. 240, 196 N. Y. S. 113, 114.

"For the reason that the marriage extinguished antenuptial rights of action for tort or upon contract, between husband and wife, the wife could not, after divorce from her husband, or his death, maintain an action against him or his estate for any injury to her person or character committed by him before their marriage, or during coverture." Henneger v. Lomas, 145 Ind. 287, 291, 44 N. E. 462, 463, 32 L. R. A. 848.

The question next arises whether the common-law rule has been modified or abrogated for the District of Columbia by section 1155, D. C. Code, relating to the "Power of Wife * * * to Sue and Be Sued." In our opinion this question is answered in Thompson v. Thompson, 218 U. S. 611, 31 S. Ct. 111, 54 L. Ed. 1180, 30 L. R. A. (N. S.) 1153, 21 Ann. Cas. 921, affirming Id., 31 App. D. C. 557, 14 Ann. Cas. 879. The case arose in the District of Columbia, and the question was whether a wife may bring an action to recover damages for an assault and battery upon her person by the husband. It was held that, while by section 1155 and other sections of the Code of the District of Columbia the common law was changed by conferring additional rights on married women and the right to sue separately for redress of wrongs concerning the same, it was not the intention of Congress to revolutionize the laws governing the relation of husband and wife between themselves, and that, under the existing statutes, a wife cannot maintain an action in the District of Columbia against her husband to recover damages for an assault and battery by him upon her person.

It may be concluded from the opinions in Thompson v. Thompson that the common law relating to the relation of husband and wife between themselves in so far as applicable to actions of this character, as it existed in the District of Columbia prior to the enactment of section 1155, was not affected by that enactment; and consequently the common-law principle that the wife during coverture cannot maintain an action against her husband for a tortious injury upon her person, whether inflicted before or after their marriage, is the governing law of this case.

The judgment appealed from is affirmed, with costs.