**DOUFFAS et al. v. JOHNSON et al.**
Civil Action No. 528—48.

United States District Court
District of Columbia.

April 11, 1949.

Vernon E. West, Corp. Counsel, and Oliver Gasch, Asst. Corp. Counsel, both of Washington, D. C., for third-party defendants, for the motion.

Martin F. O'Donoghue, of Washington, D. C., for third-party plaintiffs, opposed.

HOLTZOFF, District Judge.

The question presented for the determination of the Court is whether the Federal Tort Claims Act applies to claims against the District of Columbia.

We have here a group of actions, that have been consolidated for trial, brought to recover damages for personal injuries and property damage resulting from the collapse of a building in the City of Washington. The defendants are the owners of the building and a concern that did certain repair and alteration work in the building. The defendants have brought in the District of Columbia as a third-party defendant under the provisions of Rule 14 of the Federal Rules of Civil Procedure, 28 U. S.C.A. The basis of the third-party complaint is that the District of Columbia negligently issued permits for structural

changes and repairs in the building in question and approved plans for the work, which did not comply with the law and the municipal rules and regulations, and that the District of Columbia approved the work as it progressed, even though it knew, or should have known, that the changes would weaken the structure of the building.

The District of Columbia moves to dismiss the third-party complaint on the ground that the third-party complaint fails to state a claim on which relief may be granted. The District of Columbia claims that the acts of which the third-party plaintiffs complain were performed in the exercise of a governmental function and that, therefore, the District of Columbia may not be held liable for negligence in respect to them. It is admitted—or, at least, it is not questioned—that the District of Columbia acted in the performance of a governmental function. It is contended, however, that the Federal Tort Claims Act has abrogated the immunity of the District of Columbia to suit in respect to such matters.

The Federal Tort Claims Act is found in Section 2674 of new Title 28 of the United States Code. That section provides that the United States shall be liable in respect to certain tort claims in the same manner and to the same extent as a private individual. It should be observed that this statute provides that the United States shall be liable—not any of its agencies as such.

It is the view of the Court that the Federal Tort Claims Act, and the waiver of immunity therein contained, applies only if the action is brought against the United States in respect to a tort committed by an agent or employee of the United States.

This claim is asserted against the District of Columbia and not against the United States, and, therefore, does not appear to be within the purview of the Federal Tort Claims Act.

██ It should be observed that Section 2671, which contains certain definitions, defines the term "Federal agency" as including Executive departments and independent establishments of the United States, and government corporations. It is very doubtful whether the District of Columbia is included within this category. But irrespective of this consideration, the term "federal agency" is defined for an entirely different purpose. It is defined in connection with Section 2672, which relates to the administrative adjustment of certain claims. When the Act comes to describe waiver of immunity, in Section 2674, it specifically limits the provision to the United States as such. It provides that the United States shall be liable in respect to certain tort claims in the same manner and to the same extent as private individuals. It is clear that this statute is intended to apply only if suit is brought against the United States.

Undoubtedly the trends of public policy are in the direction of waiving sovereign immunity to suit, which is outmoded and which rests on an old principle of English common law. Perhaps it is unfortunate that the Federal Tort Claims Act does not include the District of Columbia. I think it should. But the remedy lies with the Congress.

The Court is of the opinion that the District of Columbia is not covered by the Federal Tort Claims Act in its present form, and for that reason the motion to dismiss the third-party complaint as against the District of Columbia is granted.