Marjorie A. BAKER, Plaintiff,

v.

Paul L. GAFFNEY, Defendant.

Civ. A. No. 1848–54.

United States District Court
District of Columbia.

May 18, 1956.

Edward J. Skeens, Washington, D. C., for plaintiff.

William E. Stewart, Jr., Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The plaintiff, Marjorie Baker, now Marjorie Bean, was a passenger in a car driven by Paul Bean, who was then her fiance. Bean had borrowed the car from a friend of his, the defendant, Paul Gaffney. Bean, while driving the car, had an accident as a result of which the car struck a tree and the plaintiff, Marjorie Baker, was injured. She brought this suit against Gaffney and Bean, both. Subsequently, however, she married Bean and the case was dismissed against Bean on the ground that a married woman may not sue her husband for damages sustained by her as a result of his negligence.

The suit having been dismissed against Bean, it is now before the Court only as against the defendant, Gaffney, who was the owner of the automobile and who, as a Good Samaritan, had lent it to Bean.

■ The defendant moves for a directed verdict on the basis of the opening statement of plaintiff's counsel. It is well settled that in the District of Columbia a married woman may not sue her husband for damages in tort even in a case in which the tort was committed prior to the marriage, Spector v. Weisman, 59 App.D.C. 280, 40 F.2d 792.

The question still remains, however, whether the suit may be maintained against the owner of the car driven by the man who later became the plaintiff's husband. Under the Financial Responsibility Act, which exists both in this jurisdiction and in New York, D.C.Code 1951, § 40-417 et seq.; Vehicle and Traffic Law, McK.Consol.Laws, c. 71, § 94 et seq., where the accident occurred, the owner of a car who lends it to another is liable for the negligence of that other person. It is sought to hold the defendant, Gaffney, liable on that basis.

■ We have a situation, however, in which the driver of the car cannot be held liable because the action against him is barred by reason of the fact that he was married to the plaintiff. We have no authority on this point in the District of Columbia, but there is one in Maryland. It must be observed that, in the absence of authorities in the District of Columbia, decisions of Maryland courts on questions of common law are authoritative in this jurisdiction since we derive our common law from Maryland.

In the case of Riegger v. Bruton Brewing Co., 178 Md. 518, 16 A.2d 99, 131 A.L.R. 307, decided by the Court of Appeals of Maryland, it was held that a husband's employer is not liable to the employe's wife for injuries that she sustained as the result of the husband's negligence while he was acting in the scope of his employment. That court held that the rule of *respondeat superior* did not apply in a case in which the agent, who was primarily guilty of negligence, was free of liability, since the employer is liable only if the employee is liable.

■ This Court is of the opinion that this principle is equally applicable in a situation in which it is sought to hold the owner of an automobile liable under the so-called Financial Responsibility Act, for the negligence of the person to whom he lends his car.

These considerations, however, are not sufficient to dispose of this case. This accident took place in New York and it, therefore, becomes necessary to determine whether the New York or the District of Columbia law should govern the disposition of the rights of the parties. Concededly, an action may be maintained in New York by a wife against her husband for the negligence of the latter. New York has a Financial Responsibility Act similar to that existing in the District of Columbia. Consequently, this suit could indeed be maintained in the New York courts.

■■ In the ultimate analysis, therefore, the question is: Does the New York or the District of Columbia law govern this case? Ordinarily, questions of liability in tort are governed by the law of the State in which the tort is committed. This general principle, however, is subject to an exception. It was held in Woollen v. Lorenz, 68 App.D.C. 389, 98 F.2d 261, that the law of the place where a cause of action arises applies in the jurisdiction in which the action is brought only if the necessary procedural machinery exists in the jurisdiction of the forum. In that case, it was held that, since at that time in the District of Columbia, actions for negligence did not survive the death of the person charged with negligence, an action could not be maintained here against an administrator for the negligence of his decedent, even though the accident out of which the cause of action arose, took place in North Carolina where such a cause of action survived.

It seems to the Court that the principle of this case is applicable to the situation presented here. In this connection, it may be of interest to observe that New York, where this accident occurred, holds that the law of the jurisdiction where suit is brought rather than the law of the State where the tort occurred, is determinative of the question whether a wife may sue her husband for personal injuries, Mertz v. Mertz, 271 N.Y. 466, 3 N.E.2d 597, 108 A.L.R. 1120.

The plaintiff relies on the case of Ewald v. Lane, 70 App.D.C. 89, 104 F.2d 222. That case, however, is clearly distinguishable. There a married woman brought suit for defamation of character against several defendants, one of whom was her husband. The suit against the husband was dismissed on the ground that it could not be maintained, but it was held that the action could be prosecuted against the co-defendants. In that case, however, the co-defendants were charged with actively participating in the commission of the tort for which the suit was brought. In this case, the defendant, Gaffney, is sought to be held liable for the active negligence of another person merely on the theory that he, Gaffney, had loaned his automobile to that other person.

In the light of these considerations, the Court is of the opinion that this action may not be maintained. While the Court feels constrained to reach this conclusion on the basis of the authorities which have just been discussed, the Court may add that, in its opinion, the claim sought to be asserted here is inequitable and unconscionable.

The Court will direct a verdict in favor of the defendant.