**Shirley M. MOUNTJOY, Appellant,**

**v.**

**Thomas Henry MOUNTJOY, Appellee.**

**No. 3617.**

District of Columbia Court of Appeals.

Argued Jan. 18, 1965.

Decided Feb. 8, 1965.

Isadore B. Katz, Washington, D. C., for appellant.

Francis X. Quinn, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

Appellant wife sued her husband for damages for personal injuries allegedly sustained while she was a passenger in an automobile negligently operated by him in the District of Columbia. This appeal followed a summary judgment for the husband in the trial court on the ground of interspousal immunity from liability for tortious acts of one against the other.

The common law rule forbids a wife to sue her husband for any tort committed against her and has been held to be unaffected by the Married Women's Act (D.C.Code 1961, § 30–208). Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180 (1910); Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001 (1950); Rommel v. West American Insurance Co., D.C.Mun. App., 158 A.2d 683 (1960). We hold that the trial court properly granted summary judgment under the existing law of the District of Columbia.

Despite the fact that a majority of the jurisdictions still upholds the doctrine of interspousal immunity and that there has been no change in its applicability in the District of Columbia, appellant urges that the fundamental bases for the doctrine now no longer exist and that there is a definite trend toward adoption of the minority rule eliminating the bar to any tort action between husband and wife. Any change in this long-established doctrine in the District of Columbia should be accomplished by Congressional enactment.

Affirmed.