Shirley M. **MOUNTJOY**, Petitioner,

v.

Thomas Henry **MOUNTJOY**, Respondent.

No. 19179.

United States Court of Appeals District of Columbia Circuit.

April 14, 1965.

Petition for Reconsideration En Banc Denied May 26, 1965.

Before WILBUR K. MILLER, Senior Circuit Judge, and WASHINGTON and WRIGHT, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

On consideration of petitioner's petition for allowance of an appeal from a judgment of the District of Columbia Court of Appeals, of petitioner's brief in support thereof, and of respondent's brief in opposition thereto, it is

ORDERED by the court that the aforesaid petition is denied.

J. SKELLY WRIGHT, Circuit Judge (dissenting):

Plaintiff in this case brought an action against her husband in the District of Columbia Court of General Sessions for damages allegedly arising out of an automobile accident caused by the negligence of her husband. The record shows that at the time of the accident the parties had been separated for over three years, that they are still separated, and that the only reason for their being together was to discuss problems regarding their children. The defendant moved for summary judgment, invoking the common law doctrine of interspousal immunity under which a wife is not permitted to sue her husband for torts committed during the marriage. The motion was granted and, on appeal, the District of Columbia Court of Appeals affirmed, stating:

" * * * [A]ppellant urges that the fundamental bases for the doctrine now no longer exist and that there is a definite trend toward adoption of the minority rule eliminating the bar to any tort action between husband and wife. Any change in this long-established doctrine in the District of Columbia should be accomplished by Congressional enactment." Mountjoy v. Mountjoy, D.C. App., 206 A.2d 733 (1965).

The plaintiff now petitions for allowance of an appeal to this court pursuant to 11 D.C.CODE § 321 (1961, Supp. IV 1965).

The facts alleged in this complaint present a marked illustration of the incongruous nature of the doctrine being applied. The plaintiff here is deprived of a possibly meritorious claim by reason of a rule which is usually supported by appeals to the need for preserving family harmony,[1] even though the "family" in which such harmony is presumed to inhere does not exist in fact, and has not existed for over three years.

There is no reason why legislative power need be invoked to abrogate this common law doctrine.[2] Courts have long had the power, indeed the obligation, to depart from common law rules which, due to changing times and circumstances, no longer serve to further policies which led to their judicial adoption.[3] Spector v. Weisman, 59 App.D.C. 280, 40 F.2d 792 (1930), the last case in which this court applied the interspousal immunity rule to a factual setting similar to this case,[4] was decided 35 years ago. At the time of that decision five states had abolished the doctrine.[5] Since then, 14 states have done likewise [6]—only one of these by resort to statute.[7] The commentators unanimously favor abandonment of the

1. For a critical review of the arguments generally urged in support of interspousal immunity, see PROSSER, TORTS 883 (3d ed. 1964).

2. In Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180 (1910), the Supreme Court held that the Married Woman's Act, 30 D.C.CODE § 208 (1961), did not affect the existing doctrine of interspousal immunity. The case does not hold the statute to be an affirmative codification of the doctrine.

3. See Catlett, *The Development of the Doctrine of Stare Decisis and the Extent to Which It Should Be Applied*, 21 WASH.L.REV. 158 (1946); CARDOZO, THE GROWTH OF THE LAW (1924). The recent observations of Mr. Justice Goldberg in Gillespie v. United States Steel Corp., 379 U.S. 148, 166, 85 S.Ct. 308, 318, 13 L.Ed.2d 199 (1964) (dissenting opinion), are appropriate to the situation presented here:
   "*Stare decisis* does not mean blind adherence to irrational doctrine. The very point of *stare decisis* is to produce a sense of security in the working of the legal system by requiring the satisfaction of reasonable expectations. * * *"

4. In Ewald v. Lane, 70 App.D.C. 89, 104 F.2d 222 (1939), the trial court had dismissed the plaintiff's action against her husband, who was only one of several tortfeasors. On appeal, this ruling was not contested and, hence, not passed upon by this court. In Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001 (1950), the court held that a tortfeasor is not entitled to contribution from plaintiff's husband even though the husband's negligence helped to cause plaintiff's injury. In that case the immunity did not work to deprive the plaintiff of her claim, but merely to prevent the burden of paying the claim from falling on the husband.

5. Johnson v. Johnson, 201 Ala. 41, 77 So. 335, 6 A.L.R. 1031 (1917); Brown v. Brown, 88 Conn. 42, 89 A. 889, 52 L.R.A.,N.S., 185 (1914); Gilman v. Gilman, 78 N.H. 4, 95 A. 657, L.R.A.1916B, 907 (1915); Prosser v. Prosser, 114 S. C. 45, 102 S.E. 787 (1920); Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 48 A.L.R. 276 (1926).

6. A recent convert is California, see Klein v. Klein, 58 Cal.2d 692, 26 Cal.Rptr. 102, 376 P.2d 70 (1962). See PROSSER, *op. cit.supra* Note 1, at 885, for a list of the remaining states which have abandoned the doctrine.

7. See N.Y.General Obligations Law, McKinney's Consol.Laws, c. 24-A, § 3-313 (1964).

doctrine.[8] The views of these judges and writers suffice to convince me that this court should consider whether the policies underlying interspousal immunity, whatever they may be, have sufficient merit to justify the rule's continuing vitality. I would grant the present motion.

---

8. *E.g.*, PROSSER, *op.cit.supra* Note 1, at 879–885; 1 HARPER & JAMES, TORTS 645–646 (1956); McCurdy, *Personal In-* *jury Torts Between Spouses*, 4 VILL.L. REV. 303 (1959).