Felicia Page DAVIS and Glenn W. Davis, Appellants,

v.

Phyllis O. HARROD and Dennette Harrod, Appellees.

No. 21990.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 31, 1968.

Decided Jan. 31, 1969.

---

* Circuit Judge Danaher became Senior Circuit Judge on January 23, 1969.

Before PRETTYMAN, Senior Circuit Judge, and DANAHER * and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Appellant Mrs. Davis (a plaintiff in the District Court), a District of Columbia schoolteacher, was a passenger in a car being driven by a fellow schoolteacher, Mrs. Harrod (one of the appellees), from the school at which they worked to a meeting of teachers at another school. While en route an accident occurred, allegedly caused by Mrs. Harrod's negligence. Mrs. Davis received benefits for her injuries under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.* (Supp. III 1965–67). She also sued Mrs. Harrod and her husband, the owner of the car, for damages. Appellees moved for summary judgment, claiming that the District of Columbia Employees Non-Liability Act[1] barred the suit. The District Court granted summary judgment in favor of both appellees in an order unaccompanied by an opinion or statement of reasons. Appellants appeal from that order.

We have before us two questions: (1) whether the District of Columbia Employees Non-Liability Act bars the suit against the driver of the car, and (2) whether, even if the suit against the driver is barred, the owner can be sued independently under the provision of 40 D.C.CODE § 424 (1967) which makes a car owner suable as the principal for the acts of a person to whom he has lent his car.

Initially, we note that the Congress, in enacting the several statutes of concern to this case, has created legislation neither meshed nor harmonized, with the result that the particular facts in suit

Mr. Jules Fink, Washington, D. C., with whom Mr. Harry S. Wender, Washington, D. C., was on the brief, for appellants.

Mr. Frank J. Martell, Washington, D. C., with whom Messrs. Richard W. Galiher, William E. Stewart, Jr. and William H. Clarke, Washington, D. C., were on the brief, for appellees.

1. 1 D.C.CODE § 925 (1967) which provides, in pertinent part:
"* * * [N]o civil action or proceeding shall be brought or be maintained against an employee of the District for loss of or damage to property or for personal injury, including death, resulting from the operation by such employee of any vehicle if it be alleged in the complaint or develop in a later stage of the proceeding that the employee was acting within the scope of his office or employment * * *.
* * * *"

appear to resist being easily placed within the confines of any one statutory plan. Recognizing that future events might best be dealt with by a redrafting of the applicable laws, we hold here that the suit against the driver is barred, but that the suit against the owner is *not* barred simply because the driver has a statutory immunity under the D.C. Act. Accordingly, we reverse that part of the order of summary judgment and remand the case for a trial.

## I

By its terms, the D.C. Employees Non-Liability Act clearly bars the suit against Mrs. Harrod, the D.C. schoolteacher who drove the car. This Act created a scheme whereby an injured party would be permitted to sue the District instead of the District employee, thereby protecting the employee from such suits. Appellants recognize that

the language of Section 925 bars Mrs. Davis' suit against Mrs. Harrod, but argue that the Act must be taken as a whole, and that, where for some reason the District cannot be sued, the purpose of the Act is thwarted and it should not be applied. Here appellants state that because Mrs. Davis recovered benefits under the FECA she is now barred by the FECA from suing the District. Since she is not barred under the FECA from suing Mrs. Harrod, appellants argue that the D.C. Act should not be read as providing a bar.

We agree with appellants' argument in two respects: (1) the contention that *the FECA allows Mrs. Davis to sue Mrs. Harrod but not the District* appears correct[2]; (2) the D.C. Act itself, and its legislative history, show that *the D.C. Act outlines a scheme in which the District should be sued instead of Mrs. Harrod, the individual District employee.*[3]

---

2. Under the FECA appellants *can* sue Mrs. Harrod individually, even though Mrs. Harrod is a co-employee. 5 U.S.C. § 8132 states, regarding a beneficiary under FECA:

   "If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States * * * and [the] beneficiary. * * * receives money or other property in satisfaction of that liability as a result of suit or settlement by him * * *, the beneficiary [must repay the Employees' Compensation Fund for any benefits he received]."

   The clear implication of this provision is that suits against third parties for negligence are allowable, subject only to the repayment provision. Further, the cases hold that such suits are maintainable against co-employees. Allman v. Hanley, 5 Cir., 302 F.2d 559 (1962); Gilliam v. United States, E.D.Ky., 264 F.Supp. 7 (1967); Marion v. United States, D.Md., 214 F.Supp. 320 (1963).

   However, the FECA would seem to *bar* a suit against the District of Columbia. 5 U.S.C. § 8116(c) provides that the remedy against the United States is "exclusive and instead of all other liability of the United States or the instrumentality * * *." Since the FECA explicitly covers employees of the District, 5 U.S.C. § 8101(1) (D), it seems likely that the

   liability against the District is barred by the exclusivity provision of § 8116(c). This is consistent with the series of cases that hold that where there is one system of liability against the government it should be the exclusive one. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768 (1958).

   Thus under the FECA it appears that appellants could sue Mrs. Harrod, but not the District. Appellees have made an additional argument based on yet another statute, the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* (Supp. III 1965–1967). That Act allows the United States to be sued for the torts of its employees, and under § 2679 suits against the individual employees are explicitly barred in automobile cases. Thus appellees claim that § 2679 should bar this suit. However, the FTCA does *not* cover employees of the District of Columbia. Douffas v. Johnson, D.D.C., 83 F.Supp. 644 (1949). It therefore appears that § 2679 would not bar this suit.

3. Section 925, the very section which bars suits against the employee, goes on to contain an exception:

   "unless the District shall, in an action brought against it for such damage or injury, including death, specifically deny liability on the ground that the employee was not, at the time and place

We thus have the anomaly wherein two acts of Congress covering the situation have precisely opposite schemes in mind.

Faced with this dilemma, we choose to follow the language of the D.C. Act. We do so because that Act is more specifically drawn to cover this situation. One goal of the D.C. Act, compensation for the injured person, has been partly fulfilled by Mrs. Davis' receipt of benefits under FECA.[4] The other goal is to protect District employees. It seems extremely unfair to allow the fortuity that Mrs. Davis is a fellow District employee covered by the FECA to leave Mrs. Harrod unprotected here.

Therefore, we hold that the suit against Mrs. Harrod, the driver, is barred by Section 925 of the D.C. Employees Non-Liability Act.

## II

The owner of the car, Mr. Harrod, was also named as a defendant in the suit. 40 D.C.CODE § 424 provides, in pertinent part:

"Whenever any motor vehicle * * shall be operated upon the public high-ways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle * * *."

Under this statute Mr. Harrod is clearly suable as the principal for his wife's negligence. The question is then presented: Having held that in this case the agent (the wife) has an *immunity from liability* for her negligence, does that immunity carry over to the principal as well?

There is a great division among the cases on this point. Unlike here, the situation usually arises where the agent's immunity stems from being the spouse of the injured party.[5] Thus in one case under Section 424 in which this problem arose the passenger was the wife of the driver. The owner was the husband's friend, and the wife, barred by marital immunity from suing her husband, sued the owner. The court held that the husband's immunity carried over to the owner and barred the suit. Baker v. Gaffney, D.D.C., 141 F.Supp. 602 (1956). In *Baker* the court recognized the split

---

alleged, acting within the scope of his office or employment."

This shows that a suit against the District was in mind as the alternative to suing the employee.

The Senate report, No. 1815, 86th Cong., 2d Sess. (1960), also supports this view. The report noted that the Act was a compromise among three conflicting interests—the person injured, the employee, and the District which must carry on activities in the public interest. The report stated that the Act will:

"provide a means whereby the government of the District of Columbia will be the entity against which such actions may be brought and maintained, the public interest will be protected, and District employees will be immune from suits for damages * * *."

The report contains other language to the same effect:

"The purpose of this bill is to deny to the District of Columbia, in suits on claims arising out of the negligent operation of vehicles owned or controlled by it and operated by its em-ployees in the performance of their official duties, the defense of governmental immunity, and to relieve such employees of liability in such cases to third persons.

* * * * *

" * * * To protect the employee, suit against the employee should be barred, leaving the District the sole entity against which recovery should be sought."

Thus, although protecting employees was a main goal of the Act, the protection was meant to go hand in hand with a suit against the District.

4. We recognize the unfairness to appellants in that all other FECA beneficiaries are entitled to seek more by suing the negligent party whereas here appellants are foreclosed from that route. However, on balance we feel that the unfairness to appellee Mrs. Harrod by allowing the suit would be greater.

5. *See* cases collected in Annot., 131 A. L.R. 312 (1941).

in authorities and relied on the Maryland case of Riegger v. Bruton Brewing Co., 178 Md. 518, 16 A.2d 99, 131 A.L.R. 307 (1940), as establishing the common law in this jurisdiction.

Whatever the validity of the rule that immunity carries over to the principal in a matrimonial immunity case,[6] those cases are not controlling here where no question of matrimonial immunity is involved. The reason is that *Riegger* and the other cases rely to a great extent on the concept of marital harmony, holding that allowing such suits would indirectly undercut marital harmony because the principal might then be able to sue the agent-spouse, thus indirectly reaching the forbidden result and poisoning the harmony of the home.[7]

We think that, while no fixed general rule should apply, the best general approach is that taken by RESTATEMENT (SECOND) OF AGENCY § 217 (1958):

> "In an action against a principal based on the conduct of a servant in the course of employment:
>
> \* \* \* \* \* \*
>
> (b) The principal has no defense because of the fact that:
>
> \* \* \* \* \* \*
>
> "(ii) the agent had an immunity from civil liability as to the act."

The comments in the RESTATEMENT note that this is now the majority approach to the problem, even in the matrimonial immunity area, in this country.[8] We think it is a sound starting point because an immunity from liability does not mean that a person did not commit a negligent, harmful act. It only means that for certain policy reasons liability is precluded against that person. In the interest of compensation to the victim, it should not be presumed that the immunity from liability given to the negligent person is carried over to others whom the victim can sue. Rather, the presumption should be the other way. Thus, unless the purpose of the immunity would be thwarted by carrying it over to others, suit against the others will lie.

Mrs. Harrod's immunity here arises, not under any concept of interspousal immunity, but under the D.C. Employees Non-Liability Act. The purpose of this immunity would not be frustrated by applying Section 424 to this case. If the owner of the car were not her husband, there would be no question that suit against the owner should be allowed. The fact that the owner is her husband should not lead to a different result. Mr. Harrod had not been sued because he is Mrs. Harrod's husband. He was sued because he was the owner of the car and as such he may be liable for injury caused by his agent. Certainly there is nothing in Section 424 which suggests that husbands as owners of cars are not covered and no court has so held.

Although obviously under our disposition the family will now be subject to a liability that the wife would not have been subject to, in this area the law does not treat the family as a unit, but rather treats the husband and wife as separate entities. The husband and wife cannot sue each other for tort, it is true, but that is because of the principle of marital harmony. Regarding finances, the law treats them as separate in the respects material here. Thus a wife's separate property is not liable for the debts of the husband. 30 D.C. CODE § 207 (1967). In general, their rights are independent. *See* 30 D.C.

---

6. *See* Ewald v. Lane, 70 App.D.C. 89, 90–91, 104 F.2d 222, 223–224, *cert. denied*, 308 U.S. 568, 60 S.Ct. 81, 84 L. Ed. 477 (1939), and discussion in Roscoe v. Roscoe, 126 U.S.App.D.C. 317, 379 F.2d 94 (1967).

7. Also, in *Baker* the court indicated that it felt the suit was "inequitable and un-conscionable." 141 F.Supp. at 604. *Cf.* Steele v. Steele, D.D.C., 65 F.Supp. 329 (1946).

8. *See* Comments to § 217; Reporter's Notes to § 217, in RESTATEMENT (SECOND) OF AGENCY, APPENDIX (1958).

CODE § 201 *et seq.* (1967). And married women can sue and be sued separately, and their husbands are not liable for their torts. 30 D.C.CODE § 208.[9]

In sum, we see no reason why the owner of the car cannot be sued under 40 D.C.CODE § 424 where the driver is negligent, even though the driver has a statutory immunity. This is as true where the owner of the car happens to be the husband of the driver.[10] Accordingly, summary judgment should not have been granted in favor of Mr. Harrod.

Affirmed in part and reversed and remanded in part.

9. Of course, this section does not prevent the husband here from being liable because he is the car owner. Section 208 obviously refers to the liability of a husband *qua husband,* and cannot be read to preclude liability of a husband as the owner of a car, under a statute (written more than 50 years after § 208) making all car owners liable for the acts of the driver.

10. We hold only that the suit against Mr. Harrod, the owner, is not barred simply because the driver has a statutory immunity under 1 D.C.CODE § 925. We intimate no views on any other defenses Mr. Harrod might raise to the suit against him under 40 D.C.CODE § 424.