Leonia T. **EDMUNDS**, Plaintiff,

v.

James A. **EDMUNDS** and Donzell M. Tate, Defendants.

Civ. A. No. 1604–71.

United States District Court, District of Columbia.

Oct. 4, 1972.

Joseph S. McCarthy, James T. Wharton, Thomas F. Hogan and Charles E. Wilson, Jr., of McCarthy & Wharton, Rockville, Md., for plaintiff.

Richard W. Galiher, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

BRYANT, District Judge.

This case involves an automobile accident which occurred in New York on August 10, 1968, in which the plaintiff was injured while riding in a vehicle driven by her husband, defendant James A. Edmunds, and owned by defendant Donzell M. Tate. All the parties are residents of the District of Columbia. The accident occurred when the vehicle left the roadway and struck an embankment or pole. Before the court is Defendants' Motion to Dismiss on the ground that the law of the forum constitutes a bar to the suit as to both defendants.

Specifically, it is asserted that plaintiff's action is barred by the District of Columbia's three-year statute of limitations in tort actions, and also by its doctrine of interspousal immunity.

■ Defendants' claim insofar as the statute of limitations is concerned appears insubstantial. The events out of which the cause of action arises occurred on August 10, 1968. Suit was filed on August 10, 1971. The authorities sustain plaintiff's claim that her action was commenced within the statutory period, since the day on which the cause of action occurred is not included in the computation of time. Freeman v. Pew, 61 App.D.C. 223, 59 F.2d 1037 (1932). Thus, the complaint will not be dismissed on this account.

The contention regarding the immunity doctrine which precludes tort suits between spouses presents a problem more complex. In the first place we have a conflict of laws aspect which must be resolved. The doctrine of interspousal immunity prevails in the District of Columbia, Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180 (1910); Mountjoy v. Mountjoy, D. C.App., 206 A.2d 733 (1965), leave to appeal denied 121 U.S.App.D.C. 27, 347 F.2d 811 (1965); Jones v. Pledger, 124 U.S.App.D.C. 254, 363 F.2d 986 (1966); but is nonexistent in New York, the injury site. N.Y.General Obligations Law, § 3–313 (McKinney 1964), McKinney's Consol.Laws, c. 24–A. Naturally, plaintiff would have us apply the New York law.

For many years the conflict of laws rule applied to cases like the one here was *lex loci delictus*—the law of the place of injury governed the substantive rights of the parties. However, the New York Court of Appeals in the case of Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279

(1963), repudiated the rule of *lex loci delictus* and adopted a rule which examined the interests and contacts of the various jurisdictions involved and applied the law of the jurisdiction having the most significant interests and contacts.

The rule announced by the New York Court of Appeals in *Babcock* has been incorporated in a draft of the Restatement (Second) Conflict of Laws and adopted in numerous jurisdictions,[1] including the District of Columbia.[2] The court must determine which jurisdiction, the District of Columbia or New York, has the most significant relationship with the occurrence and the parties. The Restatement in § 145 lists four contacts to be considered in determining the applicable law:

  (a) the place where the injury occurred,

  (b) the place where the conduct causing the injury occurred,

  (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

  (d) the place where the relationship, if any, between the parties is centered.

In the present case, New York is the site of both the injury and the conduct which caused it, and the District of Columbia is the place of the parties' domicile and the center of the relationship.

As noted in the comment to § 145, the jurisdiction which is the situs of the injury has a primary interest in regulating conduct within its borders, and New York could be said to have a strong interest if the issue now before the court was one of whether the conduct in this case constituted negligence. However, that is not the issue; rather, the issue is one of capacity to sue, which has nothing to do with conduct-regulation.

■ Because the parties are domiciled in the District, the court is compelled to conclude that the District has the paramount interest and our law must govern this case. New York's interest is minimal, since the only New York contact is that it is the site of the accident, and it has really no interest in whether or not interspousal immunity is applied to District of Columbia domiciliaries. The court's conclusion is reinforced by the position of the Restatement. Section 169(2) suggests that the applicable local law will usually be that of the state of the parties' domicile. Also a number of states have ruled that *lex domicilii* applies to cases raising the issue of interspousal immunity.[3]

This brings us to consideration of the immunity doctrine as it applies to this case. The fact that interspousal immunity *is* the prevailing law in our jurisdiction, of course, is not disputed by the plaintiff. Its ancient background is too familiar to warrant discussion. Suffice to state that, since the Supreme Court held in Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180 (1910), that the District of Columbia's Married

1. Restatement, Second, Conflict of Laws § 145; Brown v. Church of the Holy Name of Jesus, 105 R.I. 322, 252 A.2d 176 (1969); Cipolla v. Shaposka, 439 Pa. 563, 267 A.2d 854 (1970); Mellk v. Sarahson, 49 N.J. 226, 229 A.2d 625 (1967); Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965); Kennedy v. Dixon, Mo., 439 S.W.2d 173 (1969); Ingersoll v. Klein, 46 Ill.2d 42, 262 N.E.2d 593 (1970); Davis v. Morrison-Knudsen Co., 289 F.Supp. 835 (D.Or.1968); McClure v. United States Lines Company, 368 F.2d 197 (4th Cir. 1966). This list, while lengthy, is not exhaustive.

2. Tramontana v. S. A. Empresa De Viacao Aerao Rio Grandense, 121 U.S.App.D.C. 338, 350 F.2d 468 (1965); Williams v. Rawlings Truck Line, Inc., 123 U.S.App. D.C. 121, 357 F.2d 581 (1965).

3. Thompson v. Thompson, 105 N.H. 86, 193 A.2d 439 (1963); Johnson v. Johnson, 107 N.H. 30, 216 A.2d 781 (1966); Doiron v. Doiron, 109 N.H. 1, 241 A.2d 372 (1968); McSwain v. McSwain, 420 Pa. 86, 215 A.2d 677 (1966); Wartell v. Formusa, 34 Ill.2d 57, 213 N.E.2d 544 (1966); Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814 (1959); Armstrong v. Armstrong, Alaska, 441 P.2d 699 (1968); Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968); Lederle v. United Services Automobile Ass'n, 394 S.W.2d 31 (Tex.Civ. App.1965); Berghammer v. Smith, Iowa, 185 N.W.2d 226 (1971).

Women's Act, D.C.Code § 30–208, did not abrogate the doctrine, its existence has been reaffirmed more than once. Spector v. Weisman, 59 App.D.C. 280, 40 F.2d 792 (1930); Mountjoy v. Mountjoy, D.C.App. 206 A.2d 733 (1965), leave to appeal denied 121 U.S.App.D.C. 27, 347 F.2d 811 (1965). And even later in Jones v. Pledger, 124 U.S.App.D.C. 254, 363 F.2d 986 (1966), and Roscoe v. Roscoe, 126 U.S.App.D.C. 317, 379 F.2d 94 (1967), our Circuit Court of Appeals, though expressing no opinion as to the desirability of its retention, recognized that the doctrine prevails.

Plaintiff urges that this immunity doctrine presently is outmoded and unrealistic, and has been abandoned by the courts of many forward-looking jurisdictions. This trend has been joined most recently by Beaudette v. Frana, 285 Minn. 366, 173 N.W.2d 416 (1969); Immer v. Risko, 56 N.J. 482, 267 A.2d 481 (1970); Surratt v. Thompson, 212 Va. 191, 183 S.E.2d 200 (1971). Also, it is pointed out that modern commentators emphasize the wisdom of its discard, and plaintiff requests the court to adopt such a course. The court has examined the many authorities cited in support of her position in this regard. They are indeed persuasive, and it seems clear to me that the concept should be reexamined with the view toward determining " . . . whether the policies underlying interspousal immunity, whatever they may be, have sufficient merit to justify the rule's continuing vitality . . ."[4]

■ But it is equally clear to this court that such reexamination and its hoped-for result is not its proper function. If this relief is to be had, plaintiff must obtain it at the appellate level. Therefore, the motion to dismiss as to defendant Edmunds must be granted.

■ The defendant Tate contends that the immunity which is conferred on the plaintiff's husband extends to him as well under Baker v. Gaffney, 141 F. Supp. 602 (D.D.C.1956). *Baker* is factually similar to the present case and holds that no cause of action will lie against the owner of the vehicle. In so holding, *Baker* adopted a position rejected both by the majority of jurisdictions[5] and by the Restatement (Second) of Agency[6] on the issue of the vicarious liability of the principal when the agent has immunity from civil liability.

In addition, both New York and the District of Columbia have safety responsibility statutes which create a presumption that the driver of a motor vehicle operates it with the owner's consent.[7] The statutes have a two-fold purpose: regulation of conduct in the operation of motor vehicles and compensation of victims. To the extent that *Baker* creates exemptions in liability in motor vehicle accident cases, it clearly conflicts with the legislative intent.

In addition, the court believes that the opinion of the Court of Appeals in Davis v. Harrod, 132 U.S.App.D.C. 345, 407 F. 2d 1280 (1969), casts serious doubts on the rationale in *Baker*. In *Davis*, the passenger sued the wife as driver and the husband as the owner of a motor vehicle which was involved in an accident. The wife was held to be statutorily immune from suit, but the court went on to find the husband liable as the owner of the vehicle, notwithstanding the wife's immunity. After expressing belief that the Restatement's position was

---

4. Mountjoy v. Mountjoy, 121 U.S.App.D.C. 27, 29, 347 F.2d 811, 813 (1965). (Dissenting Opinion, Wright, J.)

5. See Annot., 1 A.L.R.3d 677.

6. "In an action against a principal based on the conduct of a servant in the course of employment: . . . (b) The principal has no defense because of the fact that: . . .

"(ii) the agent had an immunity from civil liability as to the Act." Restatement (Second) of Agency § 217 (1958).

7. N.Y. Vehicle and Traffic Safety Law § 388 (McKinney's 1970), McKinney's Consol.Laws, c. 71; D.C.Code § 40–424 (1967 ed.). The New York statute is applicable here, even if D.C.'s is not. See Gaither v. Myers, 131 U.S.App.D.C. 216, 404 F.2d 216 (1968).

the best approach to the situation in *Davis*, the court went on to say:

> In the interest of compensation to the victim, it should not be presumed that the immunity from liability given to the negligent person is carried over to others whom the victim can sue. Rather, the presumption should be the other way. Thus, unless the purpose of immunity would be thwarted by carrying it over to others, suit against the others will lie. 132 U.S.App.D.C. at p. 349, 407 F.2d at 1284.

*Baker*, the only case on point in this jurisdiction, was decided by one of our most learned and respected trial judges, and parting company with him on this issue is a step not to be taken lightly. However, with all due deference to his views (including his assessment of the claim in *Baker* as "inequitable and unconscionable"), I do not feel bound by that case, and accordingly adopt the other view.

Therefore, it is this 4th day of October, 1972,

Ordered that defendant's motion to dismiss is granted as to James A. Edmunds and denied as to Donzell M. Tate.